# IN THE UNITED STATES DISTRICT COURT
# FOR THE WERSTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| MARIELA PEREZ, on behalf of herself and all others similarly situated, | ) ) ) ) |
| | ) **CLASS ACTION COMPLAINT** |
| | ) **AND DEMAND FOR JURY TRIAL** |
| Plaintiff, | ) ) |
| vs. | ) ) ) CAUSE NUMBER: 1:19-cv-00724 |
| MCCREARY, VESELKA, BRAGG & ALLEN, P.C. A/K/A MCREARY, VESELKA, BRAGG & ALLEN, L.L.C., and JOHN DOES, | ) ) ) ) ) |
| Defendants. | ) ) |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW COMES Plaintiff, Mariela Perez ("Plaintiff" or "Perez" herein), on behalf of herself and all others similarly situated, and brings this consumer class action complaint against Defendants, McCreary, Veselka, Bragg & Allen, P.C. A/K/A McCreary, Veselka, Bragg & Allen, L.L.C., and John Does for violations of the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA) by their routine practice of sending collection letters in the form of Exhibit A to Texas residents in violation of 15 U.S.C. §1692e, §1692e(2)(A), §1692e(10), §1692f, and §1692g(a). In support of these claims Plaintiff states and alleges as follows:

1

## JURISDICTION AND PARTIES

1. Subject matter jurisdiction of this Court arises under 15 U.S.C. §1692k, 28 U.S.C. §1331, and other provisions of the law. With this jurisdiction and authority, the Court has the ability to order a monetary remedy for Defendants' violations as enumerated below.

2. Venue is proper in this Court for the reason that the claims occurred as a result of the occurrence of actions in this Judicial District.

## PARTIES

3. Plaintiff, Mariela Perez, is a resident of Cedar Park, Texas and is a "consumer" as that term is contemplated in §1692a(3) of the FDCPA.

4. At all times material hereto, Ms. Perez and each member of the class were "consumers" as that term is contemplated in §1692a(3) of the FDCPA.

5. Defendant, McCreary, Veselka, Bragg, & Allen, P.C. A/K/A McCreary, Veselka, Bragg, & Allen, L.L.C. (hereafter "MVBA"), is a debt collection agency in Texas that is engaged in the business of collecting debts and regularly attempts to collect debts alleged to be due another by use of the mail and telephone and is a "debt collector" within the meaning of 15 U.S.C. §1692a(6).

Service may be effectuated on the following registered agent:

>Harvey M. Allen
>700 Jeffrey Way, Suite #100
>Round Rock, Texas 78664

6. John Does are individuals employed by or affiliated with MVBA and engaged in the business of collecting debts and regularly attempt to collect debts alleged to be due another by use of the mail and telephone and are "debt collectors" within the meaning of 15 U.S.C. §1692a(6).

7. At all times relevant hereto the Defendants attempted to collect alleged debts from Ms. Perez and each member of the purported class, whereby such alleged debts were incurred for personal, family or household purposes, i.e. – residential utility services.

8. Defendants are entities who contributed to or participated in, or authorized, and/or implemented the policies regarding the acts complained of or conspired with the named Defendants to commit the acts complained of which caused injuries to the Plaintiff and the class. Each Defendant acted as principal and agent, each of the other, and combined and concurred each with the others in committing the acts complained of herein.

9. At all times relevant herein, each of the Defendants were, and are now, the agent, servant, employee, and/or other representative of the other Defendant, and in doing the things herein alleged, were acting within the scope, purpose and authority of such agency, service, employment and/or other representative capacity with the permission, knowledge, consent and ratification of the other Defendants. Any reference hereinafter to "Defendants", without further qualification, is meant by Plaintiff to refer to each Defendant named above.

## FACTUAL ALLEGATIONS

10. Plaintiff, Mariela Perez, while a resident of College Station, Texas, obtained residential utility services from the City of College Station Utility Department for her personal use.

11. Defendants sent Ms. Perez a debt collection letter dated May 2, 2019 on the letterhead of "MVBA, LLC" regarding residential utility services allegedly due the City of College Station Utility Department (hereinafter, the "Debt"). A copy of said Letter is attached hereto as Exhibit A.

12. Defendant McCreary, Veselka, Bragg, & Allen, P.C. regularly uses the name "McCreary, Veselka, Bragg, & Allen, L.L.C." in conducting its debt collection business.

13. <u>Exhibit A</u> states: "Unless within 30 days after you receive this notice you dispute the validity of the debt or a portion thereof, the debt will be assumed to be valid."

14. <u>Exhibit A</u> fails to identify the entities or persons who may assume the alleged debt "to be valid."

15. <u>Exhibit A</u> failed to inform Ms. Perez and the proposed class members that the alleged debt may only be "assumed to be valid <u>by the debt collector</u>." (Emphasis added.)

16. Ms. Perez did not understand and did not know or understand that only Defendants could assume the alleged debt to be valid.

17. <u>Exhibit A</u> is confusing and misleading to an unsophisticated consumer.

18. <u>Exhibit A</u> also provides: "Delinquency Date: 05/01/15."

19. Tex. Civ. Prac. & Rem. Code Ann. §16.004(a)(3) provides that suit for breach of contract must be brought not later than four years after the day the cause of action accrues.

20. In light of the date of <u>Exhibit A</u> of May 2, 2019, the Debt was more than four years old and was therefore no longer enforceable under the foregoing Texas statute of limitations.

21. Exhibit A is false and misleading to the least sophisticated consumer because it failed to disclose a) that the alleged Debt was time barred debt and unenforceable, and b) that any partial payment could reinstate the applicable statute of limitations. *See Daugherty v. Convergent Outsourcing,* Inc., 836 F.3d 507 (5th Cir. 2016).

22. Defendants, John Does, approved, directed, and/or supervised the preparation and sending of letters in the form of Exhibit A to Ms. Perez and the class members.

23. Ms. Perez was confused by Exhibit A sent by Defendants.

24. Exhibit A created a sufficient risk of harm as contemplated by the FDCPA and constitutes a concrete injury in-fact as articulated in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016).

## DEFENDANTS' ROUTINE PRACTICES

25. It is and was the routine policy and practice of Defendants to send letters in the form of Exhibit A to residents of Texas.

26. It is and was the routine policy and practice of Defendants to send letters in the form of Exhibit A which fail to include the words "by the debt collector," or words to that effect, following "assumed to be valid."

27. It is and was the routine policy and practice of Defendants to attempt to collect alleged debts from Texas residents, when the default date was more than four years old, without informing the consumer that the debt was time-barred and that even a partial payment would renew the statute of limitations.

## CLASS ALLEGATIONS

28. This action is brought on behalf of a class of similarly situated persons defined as (i) all Texas residents (ii) to whom MVBA sent a letter in the form of Exhibit A (iii) which were not returned as undeliverable (iv) in an attempt to collect a debt incurred for personal, family, or household purposes as shown by Defendants' or the creditors' records (v) during the one year period prior to the filing of this lawsuit.

29. Certification of a subclass is requested which includes those members of the Class whose alleged debt was more than four years old, *i.e.* - (vi) which includes a Delinquency Date of more than four years prior to the date of Exhibit A.

30. Based on Defendants' use of letters in the form of Exhibit A, the class is so numerous that joinder of all members is impractical.

31. There are questions of law and fact common to the class, which common questions predominate over any issues involving only individual class members. The principal legal question is whether Defendants' use of letters in the form of Exhibit A violates 15 U.S.C. §1692e, §1692e(2)(A), §1692e(10), §1692f, and §1692g(a).

32. Plaintiff's claims and those of the class are based on the same facts and legal theories.

33. Plaintiff will fairly and adequately represent the interests of the class members.

34. Plaintiff has retained counsel experienced in class actions and debt collection abuse cases.

35. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Individual cases are not economically feasible.

36. Certification of the Classes under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that:

    (a) The questions of law or fact common to the members of the Class predominate over any questions affecting only individual members; and

    (b)    A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

# CAUSES OF ACTION

## COUNT I—VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

37. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

38. 15 U.S.C. §1692(e)(2)(A) and (10) of the FDCPA provide as follows:

### FALSE OR MISLEADING REPRESENTATIONS

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**(2) The false representation of—
   (A) the character, amount, or legal status of any debt;**

**(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

39. Defendants violated sections (2)(A) and (10) of 15 U.S.C. §1692e by seeking the collection and settlement of consumer debt that was time barred under Texas statute of limitations a) without disclosing that the alleged debt was time barred and b) without disclosing that a partial payment on the time barred alleged debt could restart the statute of limitations.

# COUNT II—VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

40. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

41. 15 U.S.C. §1692g(a) of the FDCPA provide as follows:

**(a) Notice of debt; contents Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—**

**(1) the amount of the debt;**

**(2) the name of the creditor to whom the debt is owed;**

**(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**

42. Defendants violated 15 U.S.C. §1692(g)(a)(3) by falsely stating that the debt will be assumed to be "valid" by any party while omitting the word "debt collector" in violation of this statute.

## COUNT III—VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

43. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

44. 15 U.S.C. §1692(f) of the FDCPA provides as follows:

### UNFAIR PRACTICES

**(f) A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.**

45. Plaintiff alleges that the Letter constituted unfair practices in so much as it used unfair and unconscionable means to collect a time barred debt without properly providing the statutory validation notice and by disclosing the debt is time barred and unenforceable and without warning the Plaintiff of the danger of a partial payment reinstating the statute of limitations.

### REQUEST FOR ATTORNEYS' FEES

46. Plaintiff seeks reasonable attorneys' fees as per the FDCPA and any other statutory or common law basis.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff, Mariela Perez, on behalf of herself and the class she seeks to represent against the Defendants, MVBA and John Does, requests:

A. Certification of this action to proceed as a class action;

B. Damages to the Plaintiff and the class pursuant to 15 U.S.C. §1692k(a);

C. Entry of a Declaratory Judgment finding that Defendants' practices challenged herein violate the FDCPA;

D. Costs and reasonable attorneys' fees; and

E. Such other and further relief as the Court deems just and equitable.


Dated: July 19, 2019

                  Respectfully submitted,

                  /s/Brent A. Devere
                  Brent A. Devere
                  SBN#00789256
                  1411 West Avenue, Suite #200
                  Austin, Texas 78701
                  Ph: 512-457-8080 Fax: 512-457-8060
                  Email: BDevere@1411west.com

                  **ATTORNEY FOR THE**
                  **PLAINTIFF**
                  **AND PUTATIVE CLASS**

## **JURY DEMAND**

Plaintiff, Mariela Perez, demands a trial by jury as to all issues so triable.

By: /s/Brent A. Devere
Brent A. Devere
