UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MARIELA PEREZ, on behalf of herself and others similarly situated<br>    *Plaintiff,*<br><br>v.<br><br>MCCREARY, VESELKA, BRAGG & ALLEN, P.C., MVBA, LLC f/k/a/ MCCREARY, VESELKA, BRAGG & ALLEN, LLC, and JOHN DOES,<br>    *Defendants*. | § § § § § § § § § § § §  CASE NO. 1:19-cv-00724 |

### DEFENDANTS' MOTION FOR LEAVE
### TO INTERPLEAD FUNDS INTO COURT'S REGISTRY

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendants Mccreary, Veselka, Bragg & Allen, P.C and Mccreary, Veselka, Bragg & Allen, LLC (collectively the "Defendants"), and files this Motion for Leave to Interplead Funds into Court's Registry, and will show onto this Court as follows:

### INTRODUCTION

1. Plaintiff filed her First Amended Complaint on October 22, 2019. Doc. 13. Plaintiff allege violations of various provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. *Id*. Plaintiff has brought this action as a proposed class action. *Id*.

2. Defendants now move to interplead $20,000.00 into the Court's registry in accordance with Federal Rule of Civil Procedure 67.  This Motion is being filed contemporaneously with an Offer of Judgment in the amount of $20,000.00 that was served on Plaintiff on December 18, 2019. The money being interpleaded into the Court's registry is intended to support this Offer of Judgment. Should Plaintiff accept the Offer of Judgment, Defendants will move to disburse the deposited funds to Plaintiff. Should Plaintiff reject the Offer of Judgment, Defendants reserve the right to

move the Court to enter judgment in favor of Defendants based upon the full amount in controversy being actually paid into the court registry.

## ARGUMENTS AND AUTHORITIES

3.  Rule 67 of the Federal Rules of Civil Procedure state that "[i]f any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party—on notice to every other party and by leave of court—may deposit with the court all or part of the money or thing, whether or not that party claims any of it." Fed. R. Civ. P. 67(a). Rule 67 works in conjuncture with 28 U.S.C. §§ 2041-43, which dictate how the money is handled and withdrawn.  Generally, the purpose of Rule 67 is to relieve the depositor of responsibility for a disputed fund while the parties litigate its ownership; *Gulf States Utilities Co. v. Alabama Power Co.*, 824 F.2d 1465, 1474 (5th Cir.), *amended*, 831 F.2d 557 (5th Cir. 1987); *Engineered Med. Sys., Inc. v. Despotis*, 2006 WL 1005024, at *2 (S.D. Ind. Apr. 14, 2006) (allowing plaintiff to deposit royalty payments with the court during dispute about a patent licensing agreement); 12 Charles Alan Wright & Arthur R. Miller, § 2991 (2d ed. 1997) ("The purpose of the deposit is to relieve the depositor of responsibility for a fund in dispute."). Overall, a Court has broad discretion in determining whether to grant a Rule 67 motion. *See Maher Eng'g Co. v. Screwmatics of S. Carolina, Inc.*, 2014 WL 4979167, at *1 (N.D. Ill. Oct. 6, 2014).

4.  While in *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 672, 193 L. Ed. 2d 571 (2016), *as revised* (Feb. 9, 2016), the United States Supreme Court determined that a defendant's unaccepted settlement offer did not moot a plaintiff's cause of action, it expressly left open the question of whether a district court had authority to enter a judgment for plaintiff and dismiss the action, once the full amount in controversy is actually paid.  *Id*. at 672 ("We need not, and do not, now decide whether the result would be different if a defendant deposits the full amount of the

plaintiff's individual claim in an account payable to the plaintiff, and then the court enters judgment for the plaintiff in the full amount."). Therefore, to ensure that the Offer of Judgment is given the full force and effect of Rule 68, Defendants seek leave to interplead the money with the Court pending the outcome of the Offer of Judgment.

5.     If leave is granted, Defendants will deliver a certified check to the Clerk of the Court within ten business days. Defendants will promptly notify Plaintiff and the Court that the funds have been delivered to the Clerk of the Court. Further, Defendants will promptly notify the Court if Plaintiff accepts or declines the Offer of Judgment and will promptly file the appropriate motion to address any funds that were interpleaded into the registry of the Court.

## CONCLUSION

6.     Defendants request that this Court grant leave for Defendants to interplead the $20,000.00 into the Court's registry so that Defendants' Offer of Judgment might be given full effect under Rule 68.

WHEREFORE, PREMISES CONSIDERED, Defendants Mccreary, Veselka, Bragg & Allen, P.C and Mccreary, Veselka, Bragg & Allen, LLC, respectfully request that this Court grant this Motion for Leave to Interplead Funds into Court's Registry and requests that this Court allow Defendants to deposit the $20,000.00 into the Court's registry.

[SIGNATURE BLOCK ON NEXT PAGE]

        Respectfully submitted,

        **MALONE FROST MARTIN PLLC**

        */s/* Robbie Malone
        ROBBIE MALONE
        Texas State Bar No. 12876450
        Email: rmalone@mamlaw.com
        EUGENE XERXES MARTIN, IV
        Texas State Bar No. 24078928
        Email: xmartin@mamlaw.com
        **MALONE FROST MARTIN PLLC**
        Northpark Central, Suite 1850
        8750 North Central Expressway
        Dallas, Texas 75231
        TEL: (214) 346-2630
        FAX: (214) 346-2631

        ***COUNSEL FOR DEFENDANTS***

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been forwarded via **CM/ECF** system to Plaintiff's counsel on this 18th day of December, 2019.

Brent A. Devere
1411 West Avenue, Suite #200
Austin, Texas 78701
512-457-8080
BDevere@1411west.com

        */s/* Robbie Malone
        ROBBIE MALONE