**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| **MARIELA PEREZ** § | |
| § | |
| v. § | 1:19-cv-0724 RP |
| § | |
| **McCREARY, VESELKA, BRAGG &** § | |
| **ALLEN, P.C., et al.** § | |

## ORDER

Before the Court is Plaintiff's Motion to Strike Defendants' Offer of Judgment and Memorandum in Support (Dkt. Nos. 19 & 20), the Response (Dkt. No. 21), and the Amended Reply (Dkt. No. 23), as well as Defendants' Motion for Leave to Interplead Funds into Court's Registry (Dkt. No. 18). The motions were referred to the undersigned for disposition pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Court Rules.

This is a purported class action lawsuit filed pursuant to the Fair Debt Collections Practices Act. Subsequent to suit being filed, the Defendants served on the Plaintiff an Offer of Judgment, as permitted by Rule 68. Plaintiff did not accept the offer, and instead filed a motion asking the Court to "strike" the offer, arguing that Defendants were attempting "to use their Rule 68 Offer to moot Ms. Perez's claims as well as the claims of the putative class," and contending that the offer "fail[ed] because it does not provide complete relief for the putative class." Dkt. No. 19 at 2. Defendants oppose the motion, arguing that there is nothing to strike, as offers of judgment do not get filed with the court, and thus are not pleadings. They further note that Plaintiff's briefing regarding the interplay between offers of judgment and class actions is irrelevant given that by Rule 68's plain

terms, an offer of judgment that has not been accepted terminates of its own accord.  They are correct on both counts.

As Defendant's note, the undersigned addressed this very issue five years ago, when a different party made a motion to strike an offer of judgment.  The Court held:

> The motion should be denied for at least two reasons.  First, Rule 68 itself makes the motion superfluous.  It explicitly states that "[a]n unaccepted offer is considered withdrawn, but it does not preclude a later offer." FED. R. CIV. P. 68(b).  There is no dispute that Suttles has not accepted the offer.  It is therefore deemed withdrawn by the plain language of Rule 68.  Second, Rule 12(f) only permits the Court to strike "pleadings."  A Rule 68 offer of judgment is not a pleading.  It is not filed with the court, but rather is only served on one's opposing party.  Only if it has been accepted may it be filed with the Court.  FED. R. CIV. P. 68(a).  As just noted, it has not been accepted, and thus is not a filed pleading that can be stricken.

*Suttles v. Specialty Graphics, Inc.*, 2015 WL 590241 at *6 (W.D. Tex. Feb. 11, 2015).  For these same reasons, the motion in this case is without merit.

As for the long discussion in Plaintiff's memorandum regarding whether a defendant may attempt to "pick off" a putative class plaintiff with an offer of judgment, that discussion is of no relevance.  The Supreme Court addressed that issue in 2016, when it held:

> Is an unaccepted offer to satisfy the named plaintiff's individual claim sufficient to render a case moot when the complaint seeks relief on behalf of the plaintiff and a class of persons similarly situated? This question, on which Courts of Appeals have divided, was reserved in *Genesis Healthcare Corp. v. Symczyk*.  We hold today, in accord with Rule 68 of the Federal Rules of Civil Procedure, that an unaccepted settlement offer has no force. Like other unaccepted contract offers, it creates no lasting right or obligation. With the offer off the table, and the defendant's continuing denial of liability, adversity between the parties persists.

*Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 666 (2016) (citation omitted).  Unfortunately, never a court to make things easy, the Supreme Court added the following:

> We need not, and do not, now decide whether the result would be different if a defendant deposits the full amount of the plaintiff's individual claim in an account

>payable to the plaintiff, and the court then enters judgment for the plaintiff in that amount. That question is appropriately reserved for a case in which it is not hypothetical.

*Id.* at 672. Unsurprisingly, this was seen as an invitation by class action defendants to present that question in a non-hypothetical scenario. Thankfully, most of the courts to consider that fact scenario—when it was invariably presented post-*Campbell-Ewald*—have held that the deposit of funds is not enough to moot a claim. *See, e.g*, *Fulton Dental, Inc. v. Bisco, Inc.*, 860 F.3d 541, 545-46 (7th Cir. 2017). The Fifth Circuit has not addressed the issue, and the undersigned is not persuaded that the deposit of funds makes any difference to the analysis. This also means that the Court will deny the Defendants' request to deposit funds into the Court's registry. Since the offer of judgment was not accepted, and is a nullity, the deposit of funds is unnecessary.

For the reasons stated, the Court **DENIES** Plaintiff's Motion to Strike Defendant's Offer of Judgment (Dkt. No. 19), and Defendants' Motion for Leave to Interplead Funds into Court's Registry (Dkt. No. 18).

SIGNED this 15th day of May, 2020.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE