IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MARIELA PEREZ, on behalf of herself and all others similarly situated § § § | |
| V. § | 1:19-cv-0724-RP |
| § | |
| MCCREARY, VESELKA, BRAGG & ALLEN, P.C., et al. § § § | |

### ORDER

Before the Court are Plaintiff Mariela Perez's Motion to Compel (Dkt. No. 39),[1] Defendants' Response (Dkt. No. 43), and the parties' Joint Stipulation (Dkt. No. 47). The District Court referred the motion to the undersigned for resolution pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rules 1(c) of Appendix C of the Local Court Rules.

### I. BACKGROUND

This dispute arises out of a Fair Debt Collection Practices Act ("FDCPA") suit brought by Plaintiff Mariela Perez against Defendants MVBA, McCreary, Veselka, Bragg & Allen, P.C., and John Does. On November 15, 2019, Perez served Plaintiff's First Request for Production and First Set of Interrogatories to Defendant MVBA. Dkt. No. 39-2. On November 27, 2019, Perez served her First Request for Production and First Set of Interrogatories on Defendant McCreary, Veselka, Bragg & Allen, P.C. Dkt. No. 39-3. In the instant motion, Perez seeks an order compelling MVBA, and McCreary, Veselka to supplement certain responses to her interrogatories. Dkt. No. 39. Specifically, Perez seeks discovery to "clarify the extent of the involvement of each of the two entities regarding the claims that are the basis of the amended complaint," and to ascertain any other

---

[1] It appears Perez initially filed the Motion to Compel at Dkt. No. 39, and subsequently filed a second copy of the motion at Dkt. No. 42. As set out below, the duplicated Motion to Compel (Dkt. No. 42) will be denied as moot.

possible parties. Dkt. No. 39 at ¶ 5. Further, in light of the class action allegations in the suit, Perez seeks discovery to address potential class and subclass members and the net worth of Defendants, in accordance with 15 U.S.C. §1692k(A)(2)(B). *Id* at ¶ 6. After briefing, the parties filed a Joint Stipulation as to Perez's motion, indicating that the parties had resolved most of the disputes and identifying those issues no longer in dispute. Dkt. No. 47. The Court now turns to the remaining disputes.

## II.  LEGAL STANDARD

The scope of discovery is broad. *Crosby v. La. Health Serv. and Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011). Federal Rule of Civil Procedure 26 provides that, unless otherwise limited by court order, parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. FED. R. CIV. P. 26(b)(1). "A discovery request is relevant when the request seeks admissible evidence or 'is reasonably calculated to lead to the discovery of admissible evidence.'" *Crosby*, 647 F.3d at 262 (quoting *Wiwa v. Royal Dutch Petrol. Co.*, 392 F.3d 812, 820 (5th Cir. 2004)). A party seeking discovery may file a motion to compel after conferring in good faith to secure that discovery without court action. FED. R. CIV. P. 37(a). If the motion is filed and granted, the Court must order the resisting party to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. FED. R. CIV. P. 37(a)(5).

"Once a party moving to compel discovery establishes that the materials and information it seeks are relevant or will lead to the discovery of admissible evidence, the burden rests upon the party resisting discovery to substantiate its objections." *Hobbs v. Petroplex Pipe & Constr., Inc., No.*, 2018 WL 3603074, at *2 (W.D. Tex. Jan. 29, 2018); *see also McLeod, Alexander, Powel and Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). "A party objecting to discovery must state with specificity the objection and how it relates to the particular request being opposed, and not merely that it is overly broad and burdensome or oppressive or vexatious or not reasonably calculated to lead to the discovery of admissible evidence." *Id.*; *see also Carr v. State Farm Mut. Auto. Ins. Co.*, 312 F.R.D. 459, 469 (N.D. Tex. 2015) (stating that the party resisting discovery has the burden to "specifically object") (citing *McLeod*, 894 F.2d at 1485).

### III.  ANALYSIS

**A.     Interrogatories to MVBA**

**1.      Interrogatory Nos. 2, 3, and 6**

With Interrogatory Nos. 2, 3, and 6, Perez seeks information related to the creation of the letters on which Perez bases her FDCPA claims. Interrogatory No. 2 asks for the names of the persons who authorized, approved, created, supervised, and/or directed use of the letters. Dkt. No. 39 at 6. Interrogatory No. 3 requests information regarding the process of preparation for the letter. *Id.* at 7. And Interrogatory No. 6 asks "why MVBA sent letters in the form of Exhibit A to Texas residents which did not state that that [sic] if the debt was not disputed only the debt collector could assume the debt to be valid." *Id.* at 8. Perez argues that discovery into these matters is necessary because it relates to the "bona fide error" defense. *Id.* at 6-8. She further asserts that the responses

3

may help clarify the relationship between the two defendant entities and Perez's potential claims of joint enterprise and alter ego. *Id.*

MVBA objects to these interrogatories as irrelevant, arguing that FDCPA claims are strict liability claims and thus the names of the persons handling the letters are not relevant to whether a violation has occurred. Dkt. No. 43 at ¶ 4. It further objects that Interrogatory No. 6 seeks trade secrets, confidential information, and proprietary information. Dkt. No. 39 at 8. With regard to Perez's argument that these responses may clarify the relationship between the two Defendants, MVBA asserts that its supplemental response to Interrogatory No. 1 states clearly that MVBA and McCreary, Veleska are two distinct entities. Dkt. No. 43 at ¶ 6.

Under the FDCPA, to be entitled to the bona fide error defense, a defendant must establish that a violation was not intentional, resulted from a bona fide error, and that there were policies or procedures in place reasonably adapted to avoid such an error. *See* 15 U.S.C. § 1692k(c). Accordingly, MVBA's objections to Interrogatory Nos. 2 and 3 are overruled because information regarding those involved in preparing the letter, and any policies or processes for preparation of the letter in question, are relevant to any bona fide error defense MVBA may raise. MVBA is therefore **ORDERED** to answer Interrogatory Nos. 2 and 3. The information sought by Interrogatory No. 6, however, is irrelevant to this issue and disproportionate to the needs of this case, and the burden of this proposed discovery would outweigh its likely benefit. FED. R. CIV. P. 26(b)(1). Based on the foregoing, the Court **GRANTS** Perez's Motion to Compel as to Interrogatory Nos. 2 and 3 and **DENIES** the Motion as to Interrogatory No. 6.

### 2.     Interrogatory Nos. 14 and 15

Interrogatory Nos. 14 and 15 relate to the ownership and organizational structure of MVBA and the names and job titles of MVBA employees. Dkt. No. 39 at 11-12. Perez argues this information is relevant based on her claims of alter ego or joint enterprise liability between the Defendants. *Id.* MVBA maintains that no relationship exists, and thus argues that these requests are irrelevant. Dkt. No. 43 at ¶ 13.

Under Texas law, "[a]lter ego applies when there is such unity between corporation and individual that the separateness of the corporation has ceased and holding only the corporation liable would result in injustice." *Castleberry v. Branscum*, 721 S.W.2d 270, 272 (Tex. 1986). To determine whether the alter ego doctrine applies, a court considers the following factors: "the total dealings of the corporation and the individual, including the degree to which corporate formalities have been followed and corporate and individual property have been kept separately, the amount of financial interest, ownership and control the individual maintains over the corporation, and whether the corporation has been used for personal purposes." *Bollore S.A. v. Import Warehouse, Inc.*, 448 F.3d 317, 325 (5th Cir. 2006). In determining whether two corporations are operated as a single business enterprise, courts consider a list of non-exhaustive factors, including: (1) common employees; (2) common offices; (3) centralized accounting; (4) payment of wages by one corporation to the other's employees; (5) common business name; (6) services rendered by the employees of one corporation on behalf of the other; (7) undocumented transfers of funds between corporations; (8) unclear allocations of profits and losses between corporations; and (9) common ownership. *De La Hoya v. Coldwell Banker Mexico, Inc.*, 125 Fed. App'x. 533, 538 (5th Cir. 2005). Joint enterprise liability arises when each of the following factors are established: "(1) an agreement, express or

implied, among the members of the group; (2) a common purpose to be carried out by the group; (3) a community of pecuniary interest in that purpose, among the members; and (4) an equal right to a voice in the direction of the enterprise, which gives an equal right of control." *St. Joseph Hosp. v. Wolff*, 94 S.W.3d 513, 526 (Tex. 2002).

Given these factors, information such as MVBA's ownership and organizational structure and employee data are relevant to Perez's allegations of alter ego and joint enterprise. It is also relevant to determining who the proper party or parties to the suit are, given that there is a dispute as to that question. *See, e.g.,* Dkt. No. 5 at ¶ 5. Accordingly, Perez's motion is **GRANTED** as to Interrogatory Nos. 14 and 15.

### 3. Interrogatory No. 21

In Interrogatory No. 21, Perez requests a description of all documents received from the original creditor by MVBA regarding the debt. Dkt. No. 39 at 13. In her motion, Perez again contends that this information is relevant to her claims for alter ego or joint enterprise, as well as a bona fide error defense. *Id.* MVBA responds again stating that because the FDCPA is a strict liability statute, this information is irrelevant as to her claims. Dkt. No. 43 at ¶¶ 16, 18. MVBA further disputes Perez's argument that the request relates to a potential bona fide error defense, as any documents from the original creditor would have no bearing on a bona fide error elements. *Id.*

The Court agrees with MVBA that Perez's request is not relevant. Relevance is to be construed broadly, but the scope of discovery is not unlimited. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Perez's Motion to Compel as to Interrogatory No. 21 is **DENIED**.

### 4. Interrogatory No. 24

Interrogatory No. 24 requests MVBA's net worth as well as a description of how the calculation was made. Dkt. No. 39 at 14-15. The FDCPA explicitly states that damages in a class action case may be calculated based on a defendant's net worth. *See* 15 U.S.C. § 1692k(a). However, MVBA objects to the request, asserting that since there has been no finding of liability and no certification of a class, its net worth is irrelevant. The Court disagrees. Given that damages in a class action may be calculated based on a defendant's net worth, information concerning the defendant's net worth is relevant and potentially useful in determining whether a class action is proper. *See, e.g. Nall v. Allied Interstate, LLC*, 2015 WL 6529233, at *1 (S.D. Ind. Oct. 27, 2015) (explaining that a debt collector defendant's net worth is within the scope of discovery in FDCPA class actions); *Hill v. Asset Acceptance, LLC*, 2014 WL 3014945, at *13 (S.D. Cal. July 3, 2014) ("[i]t is clear that net worth is a relevant area of inquiry in FDCPA class actions even before a class is certified."); *Bode v. Encore Receivable Management Inc.*, 2006 WL 801017, at *2 (E.D. Wisc. March 29, 2006) ("[A] party need not have a class certified to justify the relevance of a request for a defendant to state its net worth in an FDCPA action."). Because the Court finds that the requested information is relevant to Perez's claims, MVBA is **HEREBY ORDERED** to supplement its answer to Interrogatory No. 24 to include full and complete responses.

### B. Interrogatories to McCreary, Veselka, Bragg & Allen, P.C.

### 1. Interrogatory Nos. 14 and 15

The Court applies the same analysis as mentioned above in the Court's rulings on Perez's Motion to Compel MVBA to Interrogatory Nos. 14 and 15 seeking information regarding McCreary,

Veselka, Bragg & Allen, P.C.'s organizational structure and employees. Accordingly, Perez's Motion to Compel a response to Interrogatory Nos. 14 and 15 is **GRANTED**.

    **2.**    **Interrogatory No. 24**

The Court applies the same analysis as mentioned above in the Court's rulings on Perez's Motion to Compel MVBA to Interrogatory No. 24 seeking information regarding McCreary, Veselka, Bragg & Allen, P.C.'s net worth. Accordingly, Perez's Motion to Compel a response to Interrogatory No. 24 is **GRANTED**.

### IV.  CONCLUSION

Thus, Perez's Motion to Compel (Dkt. No. 39) is **GRANTED IN PART** and **DENIED IN PART**. Specifically, it is **ORDERED** that no later than February 16, 2021:

- Defendant MVBA, LLC supplement its responses to Interrogatory Nos. 2, 3, 14, 15 and 24 as specified above; and

- Defendant McCreary Veleska Bragg & Allen, P.C. supplement its responses to Interrogatory Nos. 14, 15 and 24 as specified above.

All other relief requested in the motion is **DENIED**, and the duplicate Motion to Compel filed at Dkt. No. 42 is **DENIED AS MOOT.**

SIGNED this 2nd of February, 2021.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE