# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| MARIELA PEREZ, on behalf of herself and all others similarly situated | § § § | |
| V. | § § | 1:19-cv-0724-RP |
| MCCREARY, VESELKA, BRAGG & ALLEN, P.C., et al. | § § § | |

## ORDER

Before the Court are Defendants' Motion to Compel (Dkt. No. 53); Plaintiff's Response (Dkt. No. 56), and Defendants' Reply (Dkt. No. 57). The District Court referred the motion to the undersigned for resolution pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rules 1(c) of Appendix C of the Local Court Rules.

This dispute arises out of a Fair Debt Collection Practices Act ("FDCPA") suit brought by Mariela Perez against MVBA, McCreary, Veselka, Bragg & Allen, P.C., and John Does. Perez seeks statutory damages pursuant to 15 U.S.C. § 1692k(a), as well as reasonable attorneys' fees and costs. Dkt. No. 13. On July 28, 2020, Defendants served Perez their first set of discovery requests. Dkt. No. 53-1. Perez served her responses on August 26, 2020. *Id.* In the instant motion, Defendants assert that Perez refuses to produce documents responsive to Request for Production No. 16, concerning "all documents reflecting attorneys' fees, costs, fee arrangements, engagement letters, billing records and/or invoices, from the attorneys representing you in this case, for which you are seeking compensation." Dkt. No. 53 at 1-2. Perez objects, arguing that the request is "premature and irrelevant at this stage in the case." Dkt. No. 53-1; *see also* Dkt. No. 56 at 3. The Court disagrees.

In a similar FDCPA case, a district court rejected the plaintiff's argument that attorney's fees were not relevant unless and until she prevailed on her FDCPA claim. *Hernandez v. Scott*, 2011 WL 2619342, at *1 (W.D. Tex. 2011). In granting the motion and finding the fees discoverable, Magistrate Judge Nowak stated, "the information sought through these production requests will enable defendant to assess its total liability if plaintiff prevails on her claim, which encourages 'the just, speedy, and inexpensive determination' of this dispute." *Id.* (quoting FED. R. CIV. P. 1). *See also Coleman v. Credit Mgmt. LP*, 2011 WL 13128820, at *1-2 (N.D. Tex. July 13, 2011) (finding attorneys' fees documentation discoverable prior to establishing liability in FDCPA suit).

Perez attempts to distinguish this case from *Hernandez* and *Coleman*, arguing that those cases did not involve a class action dispute. Dkt. No. 56 at 4. Perez assets that because the instant case is a class action FDCPA case, attorneys' fees documents are not discoverable at this stage because they are not relevant to class certification. *Id.* at 4-6. This argument is likewise without merit. Regardless of whether a class is certified, the FDCPA allows a prevailing plaintiff to recover her attorney's fees. 15 U.S.C. § 1692k(a)(3). The reasoning of *Hernandez* and *Coleman* therefore remains applicable —the information is relevant to the Defendants to "assess their total liability."

As for Perez's other arguments—that the documents are not relevant to Perez's adequacy as a class representative or that the production of the materials could somehow create a conflict of interest during settlement negotiations—for the reasons Defendants state in their reply, those arguments have no merit.

Defendants' Motion to Compel (Dkt. No. 53) is therefore **GRANTED** and Perez is **ORDERED** to supplement her answer to Request for Production No. 16 to include full and complete responses, no later than April 30, 2021.

SIGNED this 13th of April, 2021.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE